

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 9, 1974

The Honorable David Finney, Chairman
State Affairs Committee
House of Representatives
P. O. Box 2910, Capitol Station
Austin, Texas 78767

Opinion No. H- 467

Re: Whether the Library
Board of the City of
Irving is covered by
the Open Meetings Law,
art. 6252-17, V.T.C.S.,
as amended by the 63rd
Legislature.

Dear Representative Finney:

You have asked our opinion as to the applicability of the Texas Open
Meetings Law, Article 6252-17, V.T.C.S., to the Library Board of the
City of Irving.

The purpose of the Open Meetings Law is to open to the public the
deliberation of public business by those governmental bodies covered
by the Act. Governmental body is defined in section 1(c) of the Act, as:

> . . . any board, commission, department, committee,
> or agency within the executive or legislative department
> of the state, which is under the direction of one or more
> elected or appointed members; and every Commissioners
> Court and city council in the state, and <u>every deliberative</u>
> <u>body having rule-making or quasi-judicial power and</u>
> <u>classified as a department, agency, or political subdivision</u>
> <u>of a county or city</u>; and the board of trustees of every
> school district, and every special district heretofore or
> hereafter created by law. (Emphasis added)

The definition of governmental body for agencies or departments of a
city or a county is different than that for an agency of the State. See
Attorney General Opinion H-438 (1974). To come within the purview of
the Act, the Library Board would have to be a "deliberative body having
rule-making or quasi-judicial power and classified as a department, agency,
or political subdivision of a county or city." V.T.C.S. art. 6252-17, §1(c).

It is conceded that the Library Board is a department or agency of the City. Therefore, the focus must be on whether the Library Board has rule-making or quasi-judicial power. Rule-making authority is legislative in nature and involves broad policy considerations. Buckeye Power, Inc. v. Environmental Protection Agency, 481 F. 2d 162 (6th Cir. 1973); American Express Co. v. U.S., 472 F. 2d 1050 (C. C. P. A. Austin, Patent App. 1973); Willapoint Oysters, Inc. v. Ewing, 174 F. 2d 676 (9th Cir. 1949) cert. denied, 339 U.S. 860. An administrative agency determining the rights of one or more parties under a general rule, regulation, ordinance, or statute is exercising a quasi-judicial power. See City of Houston v. Blackbird, 394 S. W. 2d 159, 163 (Tex. Sup. 1965); Victory v. State, 158 S. W. 2d 760, 766 (Tex. Sup. 1942).

We are informed that the powers and duties of the Library Board are set forth in section 20-5 of the Code of Civil and Criminal Ordinances of the City of Irving. Section 20-5 declares:

> The Library Board shall be an advisory board and shall have the following duties:
>
> (a) To make recommendations concerning the adoption and enforcement of all necessary rules, bylaws and regulations deemed by it necessary for the administration, government and protection of the library system.
>
> (b) To define the powers and prescribe the duties and tenure of officers of the library board, and to elect all officers.
>
> (c) To review with the librarian and make recommendations for the purchase of books, journals, publications, furniture and fixtures and other necessary property, and to provide for the re-binding and preservation in proper order, the books, documents, journals and other publications, and the property of the library.

(d) To make recommendations for the establishment of such branches of the library and reading rooms as the growth of the city may from time to time demand.

(e) To interview with the city manager, and make recommendations for the employment and duties of the librarian.

(f) The library board may recommend the removal and dismissal of the librarian.

(g) In the event the city council makes available money for the enlargement, expansion or re-building of the municipal library, the library board shall have the right to recommend a site for such improvements; may recommend an architect, or such architects as they deem necessary for the preparation of plans and specifications for the construction and erection of the improvements; provided, that if any contract for the improvements of the library system is made, such contract shall be in the name of the city, upon plans and specifications approved by the city council.

(h) The library board with the librarian shall annually at the time provided by the charter, file its proposed expenditures within the annual funds available for the next fiscal year with the city manager, and if approved by the city council, the same shall become a part of the operating budget of the city, the same as the other departments of the city.  (Ordinance No. 714, Section 6)

It is apparent from the above recitation that the Library Board does not act in a quasi-judicial capacity.  It is also apparent that the responsibilities of the Library Board have been drawn so as to be advisory. Insofar as the Board truly acts in an advisory capacity only, it is our opinion that it does not have rule-making power and is not within the

purview of the Open Meetings Law.  But were the Board to be functioning, in reality, as more than an advisory body [especially with regard to section 20-5(a) of the Code of the City of Irving], we would be of the opinion that the Board should have to comply with the mandates of the Open Meetings Act regarding public notice and open meetings.

### S U M M A R Y

A city's library board which acts solely in an advisory capacity and has no rule-making or quasi-judicial power is not required to comply with the mandates of the Open Meetings Act regarding public notice and open meetings.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee